JAMES COCHRANE, Respondent, *v.* CECELIA BAUER, Appellant.

*N. Y. Supreme Court, Second Department, General Term, June, 28, 1889.*

1. *Foreclosure.   Defenses.*—The averments, in an action to foreclose a mortgage, that the assignment of the mortgage to plaintiff was not made in good faith, but to prevent defendant from making any defense to the mortgage, and that plaintiff's assignor prevented defendant from entering upon and selling the mortgaged premises to her damage in a large amount, are not so stated as to import a legal demand in favor of the defendant.
2. *Same.*—The allegation in an answer in such action that the defendant is entitled to a credit upon said mortgage for moneys of defendant received by plaintiff's assignor, is the statement of a conclusion of law, without the averment of any facts sufficient for its support.

Appeal from a judgment of foreclosure and sale.
Action to foreclose a mortgage which had been transferred by mesne assignments, to plaintiff.

The defendant, for answer to the plaintiff's complaint, alleges :

*First*—That the assignment to plaintiff of the mortgage set forth in the complaint herein was not made *bona fide*, but, if made at all, was made for the purpose of preventing this defendant from making any defense which she might have to said mortgage.

*Second*—That at the time of the assignment of said mortgage to the plaintiff there was not due upon said mortgage the amount alleged in said complaint.

*Third*—That the assignor of the plaintiff prevented the defendant from entering upon said lands and selling the same, and thereby damaged her to the amount of $10,000, which said amount this defendant claims to recoup against said plaintiff, and against said mortgage.

*Fourth*—That this defendant is entitled to a credit of $450 or thereabouts upon said mortgage, for moneys of defendant received by plaintiff's assignor.

*Donohue, Newcombe & Cardozo,* for appellant.

*James R. Marvin,* for respondent.

PRATT, J.—Neither of the so-called defenses set up in the answer, are so stated as to import a legal demand in favor of defendant. Had they been stated in a complaint as claims against a defendant, they would be demurrable. Nor is it stated that the matters complained of took place while the plaintiff's assignor was holder of the mortgage.

The fourth subdivision of the answer is the statement of a conclusion of law, no facts being stated sufficient for its support.

If the moneys were received by plaintiff's assignor while he held the mortgage, as a payment thereupon, or in any way that entitled this defendant to apply them on the mortgage, the facts should have been stated. The fact that he received defendant's money is not inconsistent with its be-

ing paid to him to discharge some obligation wholly independent of the matter in suit.

If defendant has a claim against the plaintiff's assignor, she can bring her action, and if it be feared that this judgment could be used as evidence of an adjudication adverse to the claim, it would be a matter of course for the judgmen to be re-settled on motion so as to show that they were not tried or decided in this cause.

Judgment affirmed with costs.

BARNARD, P. J., concurs, DYKMAN, J. not sitting.